IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>MISSOURI RIVER AG., INC,<br><br>　　　　Defendant. | )<br>)  Criminal No. 4:07-cr-099<br>)<br>)  **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Clare R. Hochhalter, Assistant United States Attorney, defendant, MISSOURI RIVER AG., INC., and defendant's attorney, Timothy Q. Purdon, hereby agree to the following:

　　1.　Defendant's representative acknowledges the Information charges a violation of Title 7, United States Code, Section 87b(a)(3) and 87b(c)(a).

　　2.　Defendant's representative has read the charge, and defendant's attorney has fully explained the charge to defendant's representative.

　　3.　Defendant's representative fully understands the nature and elements of the charged crime.

　　4.　Defendant will voluntarily plead guilty to the Information.

　　5.　The parties agree this Plea Agreement shall be filed and become a part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes

the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

6.     Defendant will plead guilty because Defendant is in fact guilty of the charge. In pleading guilty to this charge, Defendant's representative acknowledges that:

From on or about November 15, 2005, and continuing until on or about December 21, 2005, in the District of North Dakota and elsewhere, defendant MISSOURI RIVER AG., INC., acting alone and in aiding and abetting others, did knowingly and intentionally cause and attempt to cause the issuance of a false and incorrect official certificate, and other official forms, by exporting whole yellow peas, which were produced in the United States, from a Crosby, North Dakota, facility to Belle Pullses, Saskatchewan, Canada. Thereafter, the peas were split in Canada and imported back to North Dakota, in an effort to fulfill a PL-480, U.S. Government contract for split peas. The contract required that all peas delivered be U.S. products. Whole peas produced in the United States, but exported for processing (such as splitting) and re-imported, are not U.S. products.

In addition to exporting whole peas for splitting and re-import, defendant purchased and imported approximately 54 to 60 metric tons of split yellow peas that were produced in Canada and were not U.S. products. Defendant thereafter falsely and deceptively presented the non-U.S. product to the United States Department of

Agriculture (USDA) for inspection; and, defendant deceptively loaded the non-U.S. product peas for delivery to agents of the USDA Kansas City, Kansas, Commodities Office (KCCO), in satisfaction of the contract, and in violation of law. Problems with the peas were discovered before final shipment overseas and Defendant replaced the peas with proper product. The difference in value between the peas promised under terms of the contract and the peas delivered and attempted to be delivered is estimated at approximately $40,000. Thus, even though the USDA suffered no actual loss, the intended loss is approximately $40,000. The parties agree as part of this plea agreement Defendant will pay a fine in the amount of $40,000 and that the amount paid herein as a fine will be offset against any residual civil and/or administrative claim arising out of the conduct described herein.

7. Defendant and its representative understand these charges carry the following maximum penalties:

    Fine:        $500,000
    Probation:   5 years

Defendant and its representative agree to pay to the Clerk of United States District Court the $400 special assessment on or before the day of sentencing.

8. Defendant and its representative understand that by pleading guilty defendant surrenders rights, including:

    (a) The right to a speedy public jury trial and related rights pertaining thereto, as follow:

3

(i) A jury would be composed of 12 lay persons selected at random. Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising peremptory challenges. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii) If trial were held without a jury then the judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii) At a trial, whether by a jury or judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iv) At trial, Defendant and its representative has a privilege against self-incrimination; thus, Defendant and its representative can decline to testify. No inference of guilt can be drawn from a refusal to

testify. Defendant, through its representatives, can choose to testify, but cannot be required to testify.

(b)   Defendant, through its representative, has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant's representative questions about Defendant's criminal conduct, to ensure that there is a factual basis for Defendant's plea.

9.   Defendant and its representative understand that by pleading guilty Defendant gives up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained these rights, and consequences of Defendant's waiver.

10.   The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 2004) (USSG). Defendant and its representative understand that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12. Defendant and its representative understand the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

13. The parties agree that the base offense level under the Sentencing Guidelines for Defendant's conduct is 6. (USSG §2N2.1(a))

14. The parties agree that the following upward adjustments are applicable in this case: 6. (USSG §2B1.1(b)(1)(D)). The parties do not agree that downward adjustments are applicable in this case.

15. At sentencing, the United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant, through its representative, has demonstrated a genuine acceptance of responsibility. (USSG 3E1.1(a))

16. Neither the Court nor the Probation Office are parties to the Plea Agreement. Neither the Court nor the Probation Office are bound by the Plea Agreement as to determining the guidelines range. The Court may impose a reasonable sentence

anywhere within the statutory range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment.(n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

17. At sentencing, the United States will

   (a) recommend a sentence at the low end of the applicable Guideline range; and

   (b) recommend that Defendant be ordered to pay a fine of up to $40,000, but no restitution, since no actual loss resulted.

18. Defendant and its representative acknowledge and understand that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant, through its representative, has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to

use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant and its representative for perjury, false statement, or false declaration if Defendant and its representative commit such acts in connection with this agreement or otherwise.

19.  The parties agree that defendant, Missouri River Ag., Inc., should be debarred from participation in federal agricultural programs for a period of at least 5 years; but, that restitution should not be ordered in this case. See e.g. 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A and USSG § 8B1.1. The parties agree that no restitution should be ordered because there is no actual loss and because the burden of computing and providing restitution to any victims would be outweighed by the burden on the sentencing process, as contemplated in 18 U.S.C. § 3663A(c)(3)(B) and USSG § 8B1.1(b), and in view of the substantial fine the parties have agreed upon. The parties also agree that, pursuant to USSG § 8C2.2(b) and § 8C3.3(b), a preliminary determination of the applicable fine range demonstrates that Defendant cannot and is not likely to ever be able to pay fine amount greater than agreed to by the parties. Accordingly, the parties agree that no fine should be ordered beyond what the parties have agreed, since any such fine would jeopardize the continued viability of the defendant.

20.     The United States agrees that USSG § 1B1.8 is applicable to Defendant. Any information provided by the Defendant and its representative, other than that charged in the Information, in connection with Defendant and its representative assistance to the United States, including debriefing and testimony, will not be used to increase Defendant's Sentencing Guideline level or used against Defendant for further prosecution, if in the opinion of the United States Attorney the Defendant has met all of Defendant's obligations under the Plea Agreement and provided full, complete, and truthful information and testimony. However, nothing revealed by the Defendant's representative during debriefings and testimony would preclude Defendant's representative from prosecution for any serious violent crimes.

21.     Defendant's representative and Defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce Defendant to plead guilty.

22.     Defendant's representative is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a). Defendant's representative hereby waives this and any right to appeal the Court's entry of judgment against Defendant, reserving only the right to appeal from an upward departure from the Guideline range. See United States Sentencing Guidelines Section 1B1.1, comment, (n.1) (defines "departure"). Defendant's represenative further waives all rights to contest Defendant's conviction or sentence in any post-conviction proceeding, except one based upon a claim of ineffective

assistance of counsel, or one made pursuant to 28 U.S.C. § 2255(3)(right newly recognized by Supreme Court). Defendant's representative specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in <u>United States v. His Law</u>, 85 F.3d 379 (8th Cir. 1996). Therefore, Defendant's representative understands that any appeal or other post-conviction relief that Defendant might seek should be summarily dismissed by the Court in which it is filed.

23. The Assistant United States Attorney and the attorney for the Defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota. Pursuant to Rule 32.1CR(B)(3), the attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

24. Defendant's representative acknowledges reading and understanding all provisions of the Plea Agreement. Defendant's representative and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

                                        DREW H. WRIGLEY
                                        United States Attorney

Dated: 12 5 07   By: _____
                                        CLARE R. HOCHHALTER
                                        Assistant United States Attorney

Dated: 11-30-07   _____
                                        MISSOURI RIVER AG., INC.
                                        By Les Knudson, President

Dated: 12/4/07   _____
                                        TIMOTHY Q. PURDON
                                        Attorney for Defendant
                                        MISSOURI RIVER AG., INC.

## CERTIFICATE OF SERVICE BY MAIL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal No. 4:07-cr-099 |
| -vs- | ) |
| MISSOURI RIVER AG., INC., | ) |
| Defendant. | ) |

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the District of North Dakota and is a person of such age and discretion as to be competent to serve papers.

That on December 5, 2007, she served a copy of the attached INFORMATION, PLEA AGREEMENT and REQUEST FOR SUMMONS by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at Bismarck, North Dakota.

Addressee:

Mr. Timothy Q. Purdon
Attorney at Law
P. O. Box 2097
Bismarck, ND 58502-2097

RENITA A. BERGER
Legal Assistant